UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE LAUNDRY, DRY CLEANING
WORKERS AND ALLIED INDUSTRIES HEALTH
FUND, WORKERS UNITED,

                Plaintiffs,

-against-

FDR SERVICES CORP. OF NEW YORK,

                Defendant.

**COMPLAINT**

Plaintiffs, by and through their attorney David C. Sapp, Esq., as and for their Complaint against defendant FDR Services Corp. of New York ("Defendant"), allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and the terms of a multiemployer plan and certain statutory obligations imposed upon the Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a),(e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f).

3. Venue is proper in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e) (2), and 28 U.S.C. § 1391(b), because the Plaintiff employee benefit fund maintains its principal administrative offices at 333

Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

## PARTIES

4. Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, ("Health Fund"), is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

5. Upon information and belief, Defendant is a New York corporation having its principal place of business at 44 Newmans Court, Hempstead, New York 11550.

6. Laundry, Distribution and Food Service Joint Board, Workers United ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements ("the Bargaining Agreement") covering all relevant periods herein. Pursuant to said Bargaining Agreement, contributions to Plaintiff Health Fund were and are due to be paid monthly by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

7. Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "6" of this Complaint with the same force and effect as if set forth at length herein.

8. In or about 2017, as permitted by the Health Fund's Agreement and Declaration of Trust, the Bargaining Agreement, and ERISA, the Health Fund performed an audit of the books and records of Defendant for the period of October 1, 2013 through and including September 30, 2016. The audit revealed audit deficiencies of contributions to the Health Fund resulting from Defendant failing to pay contributions for certain employees during the month of those employee's termination of employment, failing to report all chargeable employees who were not on employee contribution invoices, failing to pay contributions for employees on Family Medical Leave Act leave during the first three months of such leave, and reapplying a trial period exemption for contributions for employees who were subject to layoff then rehired within six (6) months of such layoff. These amounts were offset by certain overages in the amount of required contribution payments remitted by Defendant to the Health Fund. The audit revealed deficiencies in contributions in the principal amount of $314,019.00 due and owing to the Health Fund, plus interest thereon through May 1, 2017 in the amount of $47,035.80, and liquidated damages in the amount of $62,803.80. By the audit deficiency notice dated May 1, 2017 (Audit Bill No. 17LF19), the Health Fund demanded payment of the outstanding balance. (A copy of the May 1, 2017 audit deficiency notice is annexed hereto as Exhibit "A").

9. Audit deficiencies for contributions plus interest thereon and liquidated damages due to the Health Fund from Defendant for the period October 1, 2013 through and including September 30, 2016 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Health Fund in the sum of $423,858.60 for the period stated, plus interest and liquidated damages on the principal amount of audit deficiencies of $314,019.00 from May 1, 2017, the date of the audit deficiency notice, through the date of judgment.

## AS AND FOR A SECOND CLAIM FOR RELIEF BY
## PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint as if recited at length herein.

11. Unless Defendant is restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendant's assets, Defendant will have no assets with which to meet the obligations to the Health Fund thereby causing the Health Fund and its participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Health Fund will have no adequate remedy of law.

12. The Health Fund will be subjected to irreparable hardship and injury in the event that Defendant is not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, the principal sum of audit deficiencies in the amount of $314,019.00 as required by the May 1, 2017 audit deficiency notice; and

b. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, interest on the principal amount of $314,019.00 through the date of the May 1, 2017 audit deficiency notice in the amount of $47,035.80, and interest on the principal amount of audit deficiencies from the date of the May 1, 2017 audit deficiency notice to the date of judgment, computed at an interest rate as prescribed by the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United,, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i); and

c. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, liquidated damages on the audit deficiencies, to be computed at a rate as prescribed by the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United,, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii); and

d. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, the reasonable attorneys' fees and costs incurred by the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Workers United, in this action as required by Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

e. Granting such other further legal and equitable relief as the Court deems appropriate.

Dated: September 20, 2017
White Plains, New York

**TRUSTEES OF THE LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES HEALTH FUND, WORKERS UNITED, Plaintiffs**

By: _____
David C. Sapp (DS 5781)

*Attorney for Plaintiffs*

Alicare, Inc., Funds Administrator
333 Westchester Avenue
North Building – First Floor
White Plains, New York 10604
(914) 367-5576
dsapp@amalgamatedlife.com