```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TRUSTEES OF THE LAUNDRY, DRY            :
CLEANING WORKERS AND ALLIED             :
INDUSTRIES HEALTH FUND, WORKERS         :
UNITED; TRUSTEES OF THE LAUNDRY,        :
DRY CLEANING WORKERS AND ALLIED         :
INDUSTRIES RETIREMENT FUND,             :
WORKERS UNITED; and TRUSTEES OF THE     :    OPINION AND ORDER
LAUNDRY AND DRY CLEANING                :
WORKERS EDUCATION AND LEGAL             :    17 CV 7145 (VB)
ASSISTANCE FUND,                        :
                    Plaintiffs,         :
                                        :
v.                                      :
                                        :
FDR SERVICES CORP. OF NEW YORK,         :
                    Defendant.          :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs Trustees of the Laundry, Dry Cleaning Workers and Allies Industries Health Fund, Workers United (the "Health Fund"); Trustees of the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United; and Trustees of the Laundry and Dry Cleaning Workers Education and Legal Assistance Fund (collectively, the "Funds") bring this action against defendant FDR Services Corp. of New York ("FDR") seeking (i) to compel FDR to submit to an audit and (ii) to collect alleged unpaid contributions to the Funds, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

Now pending is FDR's motion to join additional parties Laundry, Distribution and Food Service Joint Board (the "Union"), Alberto Arroyo, Wilfredo Larancuent, and Christine Kerber (collectively, the "Union defendants") pursuant to Fed. R. Civ. P. 19(a) and 20. (Doc. #20). As discussed below, the Court construes FDR's motion as a motion for leave to file a third-party complaint under Fed. R. Civ. P. 14.

1

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**BACKGROUND**

FDR submitted an affidavit in support of the motion, and the Funds submitted declarations in opposition to the motion. For the purpose of ruling on the motion for leave to file a third-party complaint, the Court accepts as true all of FDR's well-pleaded factual allegations, and draws all reasonable inferences in FDR's favor, as summarized below.[1]

FDR operated a commercial laundry facility in Paterson, New Jersey (the "Paterson Facility"), from 2005 to 2016. FDR and the Union were parties to a collective bargaining agreement (the "Paterson CBA") covering the Paterson Facility. Under the Paterson CBA, FDR was required to contribute to the Health Fund, a multi-employer ERISA fund administered by six trustees. Arroyo, Larancuent, and Kerber were the Health Fund's three Union trustees.

According to FDR, the Union, through Arroyo and Larancuent, would obtain authorization to collect dues from new employees, inform new employees of Union benefits, and enroll new employees for those benefits. Moreover, "[t]he Union had the responsibility and accountability to enroll eligible employees for health insurance benefits under the Health Fund. . . . [T]he Union would forward the names of the enrollees to the Health Fund and the Health Fund would prepare invoices to FDR for those employees who enroll for benefits." (Doc. #20–1 ("McCormack Aff.") ¶ 10).

---

[1] FDR did not file a proposed third-party complaint. However, FDR's affidavit in support of its motion includes allegations in support of its proposed claims against the Union defendants. (See McCormack Aff.). The Court will consider the affidavit in lieu of a proposed third-party complaint in evaluating the sufficiency of FDR's allegations against the Union defendants.

In 2013, FDR opened a commercial laundry facility in Hempstead, New York (the "Hempstead Facility"). FDR and the Union were parties to a collective bargaining agreement (the "Hempstead CBA") covering the Hempstead Facility from May 1, 2013, to April 30, 2016. The Hempstead CBA required FDR to contribute to the Funds.

Arroyo and Larancuent were the chief Union negotiators for the Hempstead CBA. According to FDR, the procedure at the Hempstead Facility was identical to the procedure at the Paterson Facility:

> FDR would furnish the names of the new hires and the Union, via its representative and the on-site shop steward, would obtain their approval for dues checkoff authorization and upon their eligibility enroll them into the funds. The Union would then forward the names of the enrollees to the Health Fund and the Health Fund would prepare the invoice based on the information received from the Union and FDR would pay contributions into the Health Fund based on the invoices received.

(McCormack Aff. ¶ 16).

In 2017, the Health Fund performed an audit of FDR's books and records for the period October 1, 2013, to September 30, 2016. FDR states that according to the Funds, the audit uncovered deficient contributions owed to the Funds.

However, FDR investigated the audit findings and "discovered in and around the desk area of the Union shop steward signed employee waivers that were not forwarded to the Health Fund. FDR estimates that the signed waivers that were found [are] worth approximately $150,000 of the delinquent contributions that the Health Fund is seeking to collect from FDR." (McCormack Aff. ¶ 20).

FDR seeks to join and assert claims for contribution and breach of fiduciary against the Union, Arroyo, Larancuent, and Kerber, to hold them secondarily liable for alleged violations of ERISA.

**DISCUSSION**

I.   Standard of Review

FDR moves to join the Union defendants under Rules 19(a) and 20. However, as noted above, the Court construes FDR's motion as a motion for leave to file a third-party complaint under Rule 14, as FDR asserts the Union defendants are secondarily liable for alleged violations of ERISA. See, e.g., McLaughlin v. Biasucci, 688 F. Supp. 965, 967 (S.D.N.Y. 1988) (analyzing under Rule 14 a motion to file a third-party complaint for contribution for actions giving rise to potential ERISA liability).

Fed. R. Civ. P. 14(a) provides in pertinent part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "Impleader is appropriate when the third-party defendant's liability to the third-party plaintiff is 'dependent upon the outcome of the main claim' or the third-party defendant is 'potentially secondarily liable as a contributor to the defendant.'" Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (quoting Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984)). District courts have "considerable discretion in deciding whether to permit a third-party complaint." Id. (citing Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d at 30).

"Courts consider four factors in evaluating a defendant's motion to file a third-party complaint: (1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would unduly delay or complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the third-party complaint states a claim upon which relief can be granted." Olin Corp. v. Lamorak Ins. Co., 2017 WL 6398632, at *2 (S.D.N.Y. Nov. 29, 2017).

To determine whether a third-party complaint states a claim upon which relief can be granted, courts look to the Rule 12(b)(6) standard for motions to dismiss. See Melito v. Am. Eagle Outfitters, Inc., 2016 WL 6584482, at *5 (S.D.N.Y. Nov. 7, 2016) (applying Rule 12(b)(6) standard to motion to dismiss third-party complaint).

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.   ERISA Fiduciaries

The Funds argue the Court should deny FDR's motion because the Union defendants are non-fiduciaries under ERISA, and ERISA does not support an employer's claim for contribution against a non-fiduciary.

The Court disagrees.

A "fiduciary," as ERISA defines it, is a person who (i) "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or (ii) "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Courts construe "fiduciary" broadly. See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Metro. Enters., Inc., 2016 WL 5334982, at *6 (S.D.N.Y. Sept. 22, 2016) (quoting Blatt v. Marshall & Lassman, 812 F.2d 810, 812 (2d Cir. 1997)). "[D]eterminations as to fiduciary status are fact-intensive." Id. at *8. "Unlike the common law definition under which fiduciary status is determined by virtue of the position a person holds, ERISA's definition is functional." LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997) (internal quotation omitted). "As administrators of their respective plans, the trustees act as fiduciaries when they communicate with plan members and beneficiaries about plan benefits." In re DeRogatis, 2018 WL 4370990, at *14 (2d Cir. Sept. 14, 2018).

Here, FDR asserts the Union, through Arroyo and Larancuent, was responsible for enrolling eligible employees in the Health Fund. FDR details how Arroyo, Larancuent, and other Union representatives carried out this responsibility, including by informing new employees of Union benefits, forwarding the names of enrollees to the Health Fund, and preparing enrollees' invoices for FDR. Thus, FDR has sufficiently alleged the Union, Arroyo, and Larancuent are fiduciaries under ERISA.

However, FDR fails to assert any facts regarding Kerber beyond that she was a Union trustee. Therefore, FDR has failed to allege sufficiently that Kerber is a fiduciary under ERISA.

6

The Funds argue FDR seeks to join the Union defendants to present the defense that the Union defendants are joint tortfeasors, and therefore FDR is only liable for a partial amount of the Health Fund audit deficiencies. The Funds' argument is meritless. Joinder of the Union, Arroyo, and Larancuent as third-party defendants allows FDR to assert claims against them for secondary liability; it does not, however, allow FDR to raise new defenses.

The Funds also argue joinder of the Union defendants would prejudice the Funds by delaying the action. However, FDR moved to join only one month into fact discovery and by the March 2, 2018, deadline in the Civil Case Discovery Plan and Scheduling Order. Cf. Vasto v. Credico (USA) LLC, 2016 WL 3926466, at *2 (S.D.N.Y. July 18, 2016) (holding motion to amend made less than one-and-a-half months into discovery did not cause prejudice). Therefore, the Funds would not be prejudiced by the granting of FDR's motion.

Accordingly, FDR may file a third-party complaint asserting claims for contribution and breach of fiduciary duty against the Union, Arroyo, and Larancuent.

## CONCLUSION

FDR's motion for leave to file a third-party complaint is GRANTED IN PART and DENIED IN PART.

By October 23, 2018, FDR shall file a third-party complaint asserting claims for contribution and breach of fiduciary duty against the Union, Arroyo, and Larancuent.

The Clerk is instructed to terminate the motion. (Doc. #20).

Dated: October 9, 2018
      White Plains, NY                  SO ORDERED:

                                                  Vincent L. Briccetti
                                                    United States District Judge