UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES OF THE LAUNDRY, DRY                    :
CLEANING WORKERS AND ALLIED                     :
INDUSTRIES HEALTH FUND, WORKERS                 :
UNITED; TRUSTEES OF THE LAUNDRY,                :
DRY CLEANING WORKERS AND ALLIED                 :
INDUSTRIES RETIREMENT FUND,                     :
WORKERS UNITED; and TRUSTEES OF                 :
THE LAUNDRY AND DRY CLEANING                    :
WORKERS EDUCATION AND LEGAL                     :
ASSISTANCE FUND,                                :
                Plaintiffs,            :
                                           :
v.                                              :
                                           :        **MEMORANDUM OPINION**
FDR SERVICES CORP. OF NEW YORK,                 :        **AND ORDER**
             Defendant.                     :
------------------------------------------------------------ x        17 CV 7145 (VB)
FDR SERVICES CORP. OF NEW YORK,                 :
          Third-Party Plaintiff,     :
v.                                              :
                                           :
LAUNDRY, DISTRIBUTION, AND FOOD                 :
SERVICE JOINT BOARD; ALBERTO                    :
ARROYO; and WILFREDO LARANCUENT,                :
as Union Trustees of the Laundry, Dry Cleaning  :
Workers and Allied Industries Health Fund,      :
Workers United and Officers of the Laundry,     :
Distribution and Food Service Joint Board,      :
                                           :
        Third-Party Defendants.     :
------------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs Trustees of the Laundry, Dry Cleaning Workers and Allied Industries Health

Fund, Workers United (the "Health Fund"); Trustees of the Laundry, Dry Cleaning Workers and

Allied Industries Retirement Fund, Workers United; and Trustees of the Laundry and Dry

Cleaning Workers Education and Legal Assistance Fund (collectively, the "Funds") bring this

action against defendant FDR Services Corp. of New York ("FDR"), seeking (i) to compel FDR

1

to submit to an audit, and (ii) to collect alleged unpaid contributions to the Funds, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

On October 10, 2018, the Court granted in part and denied in part FDR's motion to join additional parties. Trustees of the Laundry, Dry Cleaning Workers and Allied Indus. Health Fund, Workers Utd. v. FDR Servs. Corp. of N.Y., 2018 WL 4931541, at *1 (S.D.N.Y. Oct. 10, 2018). The Court construed FDR's motion as one for leave to file a third-party complaint under Fed. R. Civ. P. 14 and permitted FDR to file a third-party complaint asserting claims for contribution and breach of fiduciary duty against the Laundry, Distribution and Food Service Joint Board (the "Union"), Alberto Arroyo, and Wilfredo Larancuent (collectively, the "Union defendants"). Id. at *4.

FDR filed an amended answer and third-party complaint asserting claims against the Union defendants on October 23, 2018. (Doc. #62). FDR alleges from October 1, 2013, to September 30, 2016, the Union defendants failed to forward to the Health Fund signed employee waivers worth approximately $150,000 of FDR's allegedly delinquent contributions to the Health Fund.

Now pending are (i) the Union defendants' motion to compel arbitration and dismiss the third-party complaint (Doc. #73), and (ii) FDR's cross-motion to amend its third-party complaint (Doc. #85).

For the reasons set forth below, the Union defendants' motion to compel is GRANTED and their motion to dismiss is DENIED AS MOOT. FDR's cross-motion to amend is DENIED AS MOOT.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

The Court assumes the parties' familiarity with FDR's allegations against the Union

defendants, which the Court summarized in its October 10 Opinion.

## DISCUSSION

I.    <u>Standard of Review</u>[1]

"In the context of motions to compel arbitration brought under the Federal Arbitration

Act . . . , the court applies a standard similar to that applicable for a motion for summary

judgment." <u>Bensadoun v. Jobe-Riat</u>, 316 F.3d 171, 175 (2d Cir. 2003) (internal citations

omitted). "A party to an arbitration agreement seeking to avoid arbitration generally bears the

burden of showing the agreement to be inapplicable or invalid." <u>Harrington v. Atl. Sounding</u>

<u>Co.</u>, 602 F.3d 113, 124 (2d Cir. 2010) (citing <u>Green Tree Fin. Corp.-Ala. v. Randolph</u>, 531 U.S.

79, 91–92 (2000)).

In deciding whether to compel arbitration, a court must determine (i) whether the parties

agreed to arbitrate; (ii) if so, the scope of the agreement to arbitrate; (iii) whether Congress

intended any federal statutory claims asserted to be nonarbitrable; and (iv) if some, but not all, of

the claims in the case are arbitrable, whether to stay the balance of the proceedings pending

arbitration. <u>JLM Indus., Inc. v. Stolt-Nielsen SA</u>, 387 F.3d 163, 169 (2d Cir. 2004).

At issue on the Union defendants' motion to compel arbitration is the scope of the alleged

agreement to arbitrate. The federal policy favoring arbitration "requires [courts] to construe

arbitration clauses as broadly as possible." <u>In re Am. Exp. Fin. Advisors Sec. Litig.</u>, 672 F.3d

---

[1]    The Court does not reach the Union defendants' argument that the Court lacks subject matter jurisdiction to hear several of FDR's claims. "[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." <u>Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422, 431 (2007) (internal quotation omitted) (holding courts can decide <u>forum</u> <u>non</u> <u>conveniens</u> before subject matter jurisdiction); <u>see</u> <u>also</u> <u>In re Residential Capital, LLC</u>, 563 B.R. 756, 766 (Bankr. S.D.N.Y. 2016) (addressing motion to compel arbitration before motions to dismiss for lack of subject matter or personal jurisdiction).

113, 128 (2d Cir. 2011) (internal quotation omitted). "In determining whether a particular claim falls within the scope of the parties' arbitration agreement, [courts] focus on the factual allegations in the complaint rather than the legal causes of action asserted." Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987).

The Second Circuit has provided a roadmap for determining whether particular disputes fall within the scope of an arbitration agreement. First, the court "should classify the particular clause as either broad or narrow." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d at 172 (internal quotation omitted). If the clause is narrow, "the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause." Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir. 2001) (internal quotation and citation omitted). Notwithstanding these guidelines, courts are not required "to make the nice determination of exactly where in the range between broad and narrow [an arbitration] clause fits." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 75 (2d Cir. 1997).

When "the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d at 224 (internal quotation omitted). Indeed, if the arbitration clause is broad, "it is presumptively applicable to disputes involving matters going beyond the interpretation or enforcement of particular provisions of the contract which contains the arbitration clause." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d at 172 (internal quotation and alterations omitted).

II.     Application

The Union defendants argue FDR's claims against them fall within the scope of the arbitration agreement contained in a collective bargaining agreement (the "CBA") between the Union and FDR that ran from May 1, 2013, to April 30, 2016, and which FDR and the Union, through two subsequent agreements, extended through July 31, 2017.

The Court agrees.

The CBA's arbitration clause is broad. A CBA containing a clause that requires arbitration of "any dispute, claim, grievance or difference arising out of or relating to this Agreement which the Union and the Employer have not been able to settle" constitutes a broad arbitration clause. Vera v. Saks & Co., 335 F.3d 109, 117 (2d Cir. 2003) (internal alterations and citations omitted). The CBA at issue here contains just such language: "Procedures herein shall be the exclusive means for the determination of all disputes, complaints, controversies, claims or grievances whatsoever concerning the meaning, application, performance, or operation of any provision of this Agreement." (Doc. #75 ("Swearengen Decl.") Ex. A ("CBA") at 20). In addition, the CBA also states:

> The procedure established in this Agreement for the adjudication of disputes shall be the exclusive means for determination of such disputes, including strikes, stoppages, lockouts, and any and all claims, demands and actions arising there from, except as expressly provided otherwise in this Agreement. No proceeding or action in a court [of] law or equity or administrative tribunal shall be initiated other than to compel arbitration and to enforce or vacate an award.

> This Article shall constitute a complete defense and ground for a stay of any action or proceeding instituted contrary thereto.

(Id. at 22–23). Thus, a presumption of arbitrability applies.

FDR has not offered any evidence to rebut the presumption of arbitrability. Rather, FDR argues the Union's alleged failure to forward signed employee waivers to the Health Fund breached a practice beyond the scope of the CBA—i.e., was not a breach of the CBA itself.

Further, according to FDR, the CBA provides only for FDR's obligation to make contributions to the Health Fund and does not address the mechanics by which the Union and FDR ensured that the Health Fund received the information necessary to enroll employees in the Fund.

Even if the presumption in favor of arbitration did not apply, FDR's interpretation of the arbitration clause is too narrow. Contrary to FDR's contention, under the arbitration clause's plain language, the CBA need not address the specific mechanics by which FDR or the Union was required to enroll employees in the Health Fund. A practice that the parties allegedly evolved to fulfill FDR's obligation under the CBA to contribute to the Health Fund necessarily concerns the "meaning, application, performance, or operation" of the CBA. (CBA at 20). Therefore, the CBA's delineation of FDR's obligation to contribute to the Health Fund suffices to bring FDR's claims within the scope of the arbitration clause.

Indeed, the parties dispute whether the CBA requires FDR to contribute to the Health Fund on behalf of employees who waived coverage—a dispute that explicitly calls for interpreting the CBA so as to define the scope of FDR's obligation to contribute to the Health Fund. Cf. Dodge Hyundai of Paramus v. United Welfare Fund, Welfare Div., 2011 WL 4356373, at *7 (E.D.N.Y. Sept. 16, 2011) (holding arbitrator must determine "[w]hether employees are covered by the CBA, and therefore entitled to contributions . . . on their behalf").

Accordingly, the Court compels arbitration of FDR's claims against the Union defendants, and stays the third-party claims. See Katz v. Cellco P'ship, 794 F.3d 341, 347 (2d Cir. 2015) (holding courts must stay proceedings when all claims in an action have been referred to arbitration and a stay requested). The Court thus does not reach the Union defendants' motion to dismiss or FDR's motion to amend.

**CONCLUSION**

The Union defendants' motion to compel arbitration is GRANTED, and their motion to dismiss is DENIED AS MOOT. FDR's motion to amend is DENIED AS MOOT. The claims in the third-party complaint are stayed pending arbitration.

By November 27, 2019, and every ninety days thereafter, FDR and the Union defendants shall inform the Court by joint letter of the status of the arbitration. Additionally, within ten days of completion of the arbitration, the parties shall provide a status report to the Court.

By September 11, 2019, the Funds and FDR shall submit a joint status update regarding both this case and the related case of <u>Trustees of the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Workers United et al. v. FDR Services Corp. of New York</u>, No. 17 Civ. 8353 (S.D.N.Y.). The parties shall specifically address whether the two cases should be stayed pending the arbitration, and, if not, shall propose revised discovery deadlines and include any other information they think would be helpful to Magistrate Judge Smith in re-commencing discovery in the two actions.

The Clerk is instructed to terminate the motions. (Docs. ##73, 85).

Dated: August 28, 2019
   White Plains, NY      SO ORDERED:

                   Vincent L. Briccetti
                   United States District Judge